No. 432

NIMBS et v. POTTER

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1516.   Decided Jan. 6, 1927

557.   FRAUD—Where petition alleges certain misrepresentations as to rentals and income of property exchanged in real estate deal, and evidence is introduced tending to prove such misrepresentations, to direct a verdict in favor of deefndant is error, for the misrepresentations are actionable notwithstanding the fact that the facts misrepresented tended to prove or affect the value of the property.

**First Publication of this Opinion**

BY THE COURT.

Carl Nimbs and Catherine Nimbs brought an action in the Franklin Common Pleas against Louis Potter, to recover damages by reason of certain misrepresentations of the latter's agent as to the amount of rents or income of certain property which the plaintiff took by way of exchange in a real estate deal.

Nimbs offered evidence tending to prove misrepresentations charged and the falsity thereof.   At the close of Nimbs' evidence the court overruled Potter's motion for a directed verdict whereupon Potter proceeded with his evidence.   Later on the court announced that he had changed his mind with reference to the sufficiency of Nimbs' evidence, and proceeded to sustain Potter's motion and instruct a verdict in his favor.   Error was prosecuted and the Court of Appeals held:

1.   The trial judge, in a written opinion, gives as a reason for sustaining the motion, that the evidence as to rentals tended to prove the value of the real estate and fall within the rule which holds that evidence of value of property cannot be made the basis of actionable fraud.

2.   The law in Ohio is definitely settled to the contrary.   The petition was evidently drawn under the authority of Gleason v. Bell, 91 OS. 268, in which case, the defendant had made certain representations of fact affecting the value of the property sold.   The petition was held good and the misrepresentations of fact in respect to the property were

held actionable even though the facts so misrepresented tended to prove or affect the value of the property.

3. "False representations by a vendor as to the income, profits or produce of land or as to the amount of rent received therefor, are regarded as statements of fact upon which fraud may be predicated if they are false."

4. Nimbs having offered evidence tending to prove the averments of the petition was entitled to have his case go to the jury.

Judgment reversed and cause remanded.

(Allread, Fedneding & Kunkle, JJ., concur.)

Attorneys—Morton, Irvine & Blanchard for Nimbs; R. B. Baldwin and Chapin B. Beem for Potter; all of Columbus.